UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING INC., WB MUSIC CORP., BLEU DISQUE MUSIC CO., INC., WEBO GIRL PUBLISHING, INC., J. ALBERT & SON (INTERATIONAL) PTY, LTD., CYANIDE BREATHMINT, ARLOVOL MUSIC, and EX VW MUSIC, <br><br>　　　　　　　　　　　Plaintiffs, <br><br> v. <br><br> ONION DIVISION ENTERPRISES, L.L.C., ARTHUR HOLMER, and STEPHEN MULLER, <br><br>　　　　　　　　　　　Defendants. | Civil Action No. 1:15-cv-4634 |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Onion Division Enterprises, L.L.C. ("Onion Enterprises") is a limited liability company organized under the laws of the state of Illinois with a principal office located at 2005 W. Division, Chicago, IL 60622.

6. On information and belief, at all times hereinafter mentioned, Onion Enterprises did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Fat Pour, located at 2005 W. Division Street, Chicago, IL 60622.

7. Musical compositions were and are publicly performed at Fat Pour.

8. On information and belief, defendant Arthur Holmer ("Holmer") is an individual who resides and/or does business in this District.

9. On information and belief, defendant Stephen Muller ("Muller" and, collectively with Onion Enterprises and Holmer, the "Defendants") is an individual who resides and/or does business in this District.

10. At all times hereinafter mentioned, Holmer and Muller were, and still are, Managing Members of Onion Enterprises.

11. At all times hereinafter mentioned, Holmer and Muller were, and still are, jointly responsible for the control, management, operation, and maintenance of the affairs of Onion Enterprises.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Fat Pour, including

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

the right and ability to supervise and control the public performance of musical compositions at Fat Pour.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Fat Pour.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 500,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since September 2012, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Fat Pour. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

17. Defendants have refused all of ASCAP's license offers for Fat Pour.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Fat Pour constitute copyright infringement of ASCAP's members' copyrights.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Fat Pour, including the copyrighted works involved in this action, without permission, during the hours that Fat Pour is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Fat Pour, for the entertainment and amusement of the patrons attending Fat Pour, and Defendants threaten to continue such infringing performances.

24. The public performances at Fat Pour of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Fat Pour include the performances of the five (5) copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed at Fat Pour, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated:   Chicago, Illinois           DLA PIPER LLP
         May 27, 2015

                                       /s/ Monica L. Thompson
                                     Monica L. Thompson, Esq. (#06181455)
                                     Michael Geller, Esq. (#6305999)
                                     203 North LaSalle Street, Suite 1900
                                     Chicago, IL 60601
                                     Tel:  (312) 368-4000
                                     Fax:  (312) 236-7516

*Attorneys for Plaintiffs*

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING INC.<br><br>WB MUSIC CORP.<br><br>BLEU DISQUE MUSIC CO., INC.<br><br>WEBO GIRL PUBLISHING, INC. | Into the Groove | Madonna Ciccone (Madonnna L. Ciccone)<br><br>Steve Bray (Stephen P. Bray) | March 29, 1985 | PA 259-969 | February 20, 2015 |
| 2. | J. ALBERT & SON (INTERNATIONAL) PTY LTD | You Shook Me All Night Long | Angus Young (Angus M. Young)<br><br>Malcolm Young (Malcolm M. Young)<br><br>Brian Johnson | July 25, 1980 | PA 77-985 | February 20, 2015 |
| 3. | CYANIDE BREATHMINT | Where It's At | Beck Hansen (Beck D. Hansen) | May 21, 1996 | PA 866-383 | February 20, 2015 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Mike Simpson (Michael S. Simpson) | | | |
| | | | John King (John R. King) | | | |
| 4. | ARLOVOL MUSIC EX VW MUSIC | Funky Cold Medina | M. Young (Marvin B. Young) M. Ross (Michael L. Ross) M. Dike (Matt W. Dike) | January 23, 1989 | PA 403-460 | February 20, 2015 |

| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
|---|---|---|---|---|---|---|
| 5. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING INC. | Take Me Out | Alexander Paul Kapranos Huntley<br><br>Nicholas McCarthy | January 12, 2004 | PA 1-233-512 | February 20, 2015 |